UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYDIA JIMENEZ,<br><br>    Plaintiff,<br><br>v.<br><br>GENERAL MOTORS, LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:23-cv-06991 WLH (JPRx)<br><br>**ORDER RE PLAINTIFF'S MOTION TO REMAND [13] AND DEFENDANT GENERAL MOTORS, LLC'S MOTION TO DISMISS [12]** |

    No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. *See* Standing Order for Newly Assigned Civil Cases at 15. Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.

    This is a lemon law case. Before the Court are Plaintiff Lydia Jimenez's Motion to Remand (Docket No. 13) and Defendant General Motors, LLC's ("GM") Motion to Dismiss (Docket No. 12). For the reasons below, Jimenez's Motion to Remand is **DENIED**, and GM's Motion to Dismiss is **GRANTED** with leave to amend.

## I. BACKGROUND

On July 26, 2023, Jimenez, a resident of California, filed this action in Los Angeles Superior Court against Defendants GM and Does 1 through 10. (Compl., Docket No. 1-1 ¶ 1). Jimenez alleges that on August 24, 2021, she purchased a 2021 Chevrolet Trailblazer vehicle (the "vehicle") manufactured and/or distributed by GM "from an authorized dealer and agent of General Motors." (*Id.* ¶¶ 7, 9). The vehicle came with a GM new car warranty. (*Id.* ¶ 8). Jimenez alleges that the vehicle suffered a defect.[1] (*Id.* ¶ 13). She brings five causes of action: three claims under the Song-Beverly Consumer Warranty Act, one claim under the California Unfair Competition Law (the "UCL"), and one claim for negligent repair. Jimenez's UCL claim appears to be based on a theory of fraudulent concealment. (*See id.* ¶ 80 ("Plaintiff has suffered ascertainable loss and actual damages as a direct and proximate result of Defendant's misrepresentations and their concealment of and failure to disclose material information.")).

GM removed the case on August 24, 2023, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Notice of Removal, Docket No. 1). In its Notice of Removal, GM states that it is incorporated in Delaware and has its principal place of business in Michigan. (*Id.* ¶¶ 12–14). In further support of the Notice of Removal, GM submitted, among other documents, a proof of service of summons filed with the Los Angeles Superior Court showing GM was served on July 28, 2023. (Notice of Removal, Exh. B, Docket No. 1-2 at 15).

On September 12, 2023, Jimenez filed the instant Motion to Remand, arguing that GM has not borne its burden to show with admissible evidence that the Court has diversity jurisdiction over this action. (*See generally* Mot. to Remand). With its

---

[1] In the Complaint, Jimenez states that GM "us[ed] a defective battery in the vehicle." (Compl. ¶ 54). Jimenez's Opposition to the Motion to Dismiss, however, states that it is the vehicle's emergency jack that is defective and makes no mention of a defective battery. (*See* Opp'n to Mot. to Dismiss, Docket No. 14 at 5).

Opposition to Jimenez's Motion to Remand, GM submits additional evidence of the parties' citizenship: the Purchase Agreement for the vehicle, which lists Jimenez at a California address (Decl. of Peter Strotz ("Strotz Decl."), Exh. A, Docket No. 19-2), and a declaration by Timothy Kuhn, counsel for GM, who declares based on personal knowledge that GM is incorporated in Delaware and has a principal place of business in Michigan (Decl. of Timothy Kuhn, Docket No. 19-3 ¶¶ 1, 4–6).

On September 8, 2023, GM filed a Motion to Dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(6) and 9. (Mot. to Dismiss at 2). GM moves to dismiss Jimenez's UCL claim both for failure to plead fraud with the specificity required under Rule 9 and as a matter of law. (*Id.*). Jimenez agrees to amend the Complaint to plead the fraud claim with greater specificity but denies that the fraud claim fails as a matter of law. (Opp'n to Mot. to Dismiss at 4–6).

Because the outcome of the Motion to Remand will determine whether the Court may decide the Motion to Dismiss, the Court addresses the remand motion first.

## II. REMAND

A defendant may remove an action from state court to federal court if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between "citizens of different States."

Courts strictly construe the removal statutes, rejecting removal jurisdiction in favor of remand to the state court if any doubts as to the right of removal exist. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Jimenez challenges removal on two grounds, arguing that (1) GM has not shown by admissible evidence that removal is timely and (2) GM has not established diversity

of citizenship between the parties.[2] (Reply in Supp. of Mot. to Remand, Docket No. 20 at 3–5). The Court finds that neither of these challenges hold merit.

The Notice of Removal is timely. Under 28 U.S.C. § 1446(b)(1), a defendant must file a notice of removal of a civil action within thirty days of receiving the complaint. Here, the Proof of Service GM filed with its Notice of Removal shows service on July 28, 2023. (Notice of Removal, Exh. B at 15). Jimenez herself filed this Proof of Service with the Los Angeles Superior Court.[3] (*Id.*). GM removed the case to this Court on August 24, 2023. (*See* Notice of Removal). There is no real dispute here that GM filed the Notice of Removal within thirty days of service, and GM has submitted admissible evidence showing that is so.

GM has also established that the parties are diverse. The Supreme Court has held that "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "Individuals are citizens of their state of domicile." *Muñoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (9th Cir. 1981); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return"). A corporation is a "citizen" of both the state in which it was incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c). Further, "a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements." *Arias*, 936 F.3d at 922 (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)).

Here, Jimenez argues GM has failed to establish Jimenez is domiciled in California, as GM relies solely on the language of the Complaint, which states that

---

[2] The $75,000 amount-in-controversy requirement is met here, which Jimenez does not challenge. (*See* Notice of Removal at ¶¶ 16–24).
[3] A court may take judicial notice of undisputed matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing Fed. R. Evid. 201(b)).

4

Jimenez is a "resident" but not a "citizen" of California. (Reply in Supp. of Mot. to Remand at 5). Jimenez's argument is unavailing. Not only does the Complaint state that Jimenez is a California resident, but GM has also submitted a copy of the Purchase Agreement for the vehicle, which shows Jimenez has a California address. (Strotz Decl., Exh. A). Courts in this district have held a party may rely on an address listed in a purchase agreement to meet its burden of establishing an individual's citizenship. *See, e.g.*, *Ghebrendrias v. FCA US LLC*, Case No. 2:21-cv-06492-VAP (PDx), 2021 WL 5003352, at *3 (C.D. Cal. Oct. 28, 2021) (finding citizenship where purchase agreement and repair order listed a California address, and plaintiffs did not deny they were citizens of California); *El-Said v. BMW of N. Am., LLC*, Case No. 8:19-cv-02426-JLS (JDEx), 2020 WL 1187171, at *3 (C.D. Cal. Mar. 11, 2020) (finding citizenship where purchase agreement listed a California address and plaintiff did not deny he was a citizen of California).

Given Jimenez's California address as stated in the Complaint and on the Purchase Agreement, GM has shown that Jimenez has been a California citizen since at least the time she purchased the vehicle. Notably, at no point does Jimenez contend that she is *not* a citizen of California or otherwise contest GM's allegations in the Notice of Removal. Rather, Jimenez argues that GM's allegations are insufficient to satisfy diversity of citizenship. "Only upon a factual attack does [the removing party] have an affirmative obligation to support jurisdictional allegations with proof." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) (citation omitted). In making a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Here, Jimenez does not dispute the truth of the facts that give rise to diversity jurisdiction. Accordingly, the Court is satisfied that GM has shown complete diversity of citizenship exists.

Jimenez's Motion to Remand is therefore **DENIED**.

5

## III. DISMISSAL

As discussed above, GM moves to dismiss Jimenez's UCL claim under Rules 12(b)(6) and 9. (Mot. to Dismiss at 2). Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Additionally, "allegations of a complaint which aver fraud are subject to Rule 9(b)'s heightened pleading standard." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). This requires that a plaintiff plead "the who, what, when, where, and how" of the alleged fraudulent activity. *Id.* (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

Jimenez's UCL claim rests on a claim of fraudulent omission. Jimenez admits that the allegations in the Complaint do not meet the Rule 9(b) pleading standard and agrees to amend the Complaint to plead the fraud claim with greater specificity. (Opp'n to Mot. to Dismiss at 5–6). Indeed, given the boilerplate allegations that counsel for Jimenez failed to tailor to the facts of this case—as demonstrated by, e.g., the Complaint's allegation that Jimenez delivered the vehicle to "Defendant #Matter.Dealership or Corporate Name" for repair (Compl. ¶ 82) and the apparently inaccurate allegations of a faulty battery (*see* Opp'n to Mot. to Dismiss at 2)—counsel should be sure to amend the entirety of the Complaint where appropriate, not just the UCL claim.

Jimenez does contest that her fraud claim fails as a matter of law. At this stage, the Court agrees with Jimenez.

GM first argues that the economic loss rule bars Jimenez's concealment-based fraud claim. (Mot. to Dismiss at 8–9). The economic loss rule is "a doctrine that prevents a party to a contract from recovering economic damages resulting from breach of contract under tort theories of liability." *Rattagan v. Uber Techs., Inc.*, 19 F.4th

1188, 1190 (9th Cir. 2021). In *Rattagan*, the Ninth Circuit certified this question to the California Supreme Court: "Under California law, are claims for fraudulent concealment exempted from the economic loss rule?" *Id.* at 1193. The California Supreme Court granted the Ninth Circuit's request for certification, and the case is currently pending. *See id.*, *req. for certification granted*, No. S272113 (Cal. Feb. 9, 2022). The Court therefore does not hold that the economic loss doctrine bars Jimenez's concealment-based fraud claim as a matter of law.

Second, GM argues that Jimenez's fraud claim fails because she cannot allege a transactional relationship giving rise to a duty to disclose. (Mot. to Dismiss at 9–10). The California Supreme Court has held that, for the purposes of a fraud claim, a transactional relationship "must necessarily arise from direct dealings between the plaintiff and the defendant; it cannot arise between the defendant and the public at large." *Bigler-Engler v. Breg, Inc.*, 7 Cal. App. 5th 276, 312 (2017). GM argues that Jimenez cannot allege a direct relationship because she purchased the vehicle from an authorized GM dealer, not from GM itself.

Jimenez has alleged, however, that the vehicle came with a GM warranty. (Compl. ¶ 8). Courts in this circuit have held that a warranty agreement establishes a transactional relationship giving rise to a duty to disclose. *See, e.g.*, *Scherer v. FCA US, LLC*, 565 F. Supp. 3d 1184, 1194 (S.D. Cal. 2021) ("Plaintiffs do present a contractual relationship with Defendant, because they entered into a warranty agreement."); *de Lozano v. Nissan N. Am., Inc.*, No. 5:22-CV-01887-RGK-SP, 2023 WL 3432240, at *3 (C.D. Cal. Apr. 20, 2023) ("Plaintiff alleges that she purchased the Vehicle 'with an accompanying NISSAN NORTH AMERICA, INC.'s new warranty.' … This warranty agreement creates a duty to disclose."); *Chillon v. Ford Motor Co.*, No. 2:22-CV-2111-DSF (AGRX), 2022 WL 19569545, at *5 (C.D. Cal. Dec. 2, 2022) ("There is a warranty here … which is to say there is a contractual agreement."). This Court, too, finds that the warranty agreement creates a transactional relationship for the

purposes of Jimenez's fraud claim under the UCL. The Court therefore declines to dismiss the UCL claim with prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Jimenez's Motion to Remand and **GRANTS** GM's Motion to Dismiss with leave to amend. Jimenez is to file the First Amended Complaint within 21 days of the issuance of this Order.

**IT IS SO ORDERED.**

Dated: October 13, 2023

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE